CHARLES CARREON (OSB: 93469)
Online Media Law, PLLC
423 Gateway Drive
Pacifica, California 94044
Tel:  650/735-5277

Attorney for Plaintiff American Buddha

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| AMERICAN BUDDHA, an Oregon Nonprofit Corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>THE CITY OF ASHLAND AND THE WASHINGTON POST COMPANY,<br><br>　　　　　Defendants. | Case No.: 1:06-cv-3054<br><br>EX PARTE REQUEST FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT; AFFIDAVIT OF CHARLES CARREON |

NOTICE

　　To all parties and their counsel of record herein, please take notice that on January 29, 2007, Plaintiff American Buddha will move this court ex parte for an extension of time to respond to the motion for summary judgment of the City of Ashland.

　　This request is made pursuant to FRCP 6(b) without prior conferral with opposing counsel, for the exigent reasons set forth in the attached affidavit of Charles Carreon, and thus no certificate of compliance with Local Rule 7.1 is submitted.

Dated:  January 28, 2007

　　　　　　　　　　　　　　　　　　By: /s/Charles Carreon/s/
　　　　　　　　　　　　　　　　　　CHARLES CARREON (93469)
　　　　　　　　　　　　　　　　　　Attorney for Plaintiff American Buddha

AFFIDAVIT OF CHARLES CARREON

Charles Carreon declares:

1. I am an attorney licensed to practice law before the courts of the States of Oregon and California, and a member of the Bar of this Court.  I make the following statements on personal knowledge, and if called as a witness, I could and would so competently testify.

2. This affidavit is made in support of Plaintiff American Buddha's Opposition to the Motion for Summary Judgment of the City of Ashland.

3. This request is made ex parte prior to the expiration of the time for filing, pursuant to FRCP 6(b).

**Request for An Additional Two Weeks to File Opposition**

4. On November 3, 2006, I deposed three City of Ashland employees, Rick Holbo, AFN Head Joe Franell, and City Attorney Mike Franell.

5. Defendant moved for summary judgment on December 1, 2006.

6. An extension of time for plaintiff to file opposition was granted until January 29, 2007, to allow time for preparation of transcripts of depositions of Holbo, Joe Franell and Mike Franell, which were received by me around January 15, 2007.

7. Effective the start of this year, I moved my law practice to Pacifica, California.[1]  During the months of November and December I was occupied with wrapping up affairs in Ashland and relocating house and office to California.  In December of 2006, I had became counsel of record in a San Mateo County Superior Court juvenile criminal defense case, Felipe Ruiz, Case No. 76277 that was set for trial on January 29, 2007.  When this case, Felipe Ruiz, Case No. 76277 was set for trial on December 12, 2006, I did not anticipate a disabling conflict between preparing for trial and filing the opposition in this case.  However, I was wrong,

---

[1] A change of address had been filed.

and despite my best efforts to complete the opposition to summary judgment in this case, I have been unable to do so, and am requesting another two weeks to complete the submission.

8. There are meritorious grounds to file an opposition, and this request has not been made for the purposes of delay.

9. The time period of extension requested is two weeks, because the Felipe Ruiz matter will start today at 10:30 a.m., and while only set for two days, is unlikely to be completed in less than four. There are three defendants in the case, which involved a felony assault in a high school classroom, many Spanish-speaking witnesses, and two extensive evidentiary motions pending. The District Attorney has reportedly subpoenaed thirty witnesses, and there is extensive video recorded evidence. Additionally, on February 2, 2007, I have to represent Felipe Ruiz at his high school expulsion hearing, a very formal event here in San Mateo County, and a serious one for my college-bound client.

10. Because I remained committed to the idea of completing the opposition until the expiration of the weekend, I did not have an opportunity to request the adverse party's consent to this motion. Now that it has become clear that I cannot quite complete the project before the end of the January 29th filing day, it is also clear that I will not be able to work on this project for another week. Thus, a two-week extension is respectfully requested.

11. There are additional reasons to grant this request, besides the condition of my schedule, arising from the acts of the defendant and its employees, which interfered with my ability to complete this opposition filing, as set forth in greater detail.

**Notice of Intent To Seek Leave to File Amended and Supplemental Complaint**

12. This motion additionally has been necessitated by the recurrence of the Internet shutoff that caused plaintiff to file this action on August 3, 2006.

13. On Friday, January 26, 2007, AFN, Rick Holbo and Joe Franell once again shut off the Internet modem serving plaintiff's network of websites. This shutoff occurred after I had spoken with Joe Franell, Mike Franell and plaintiff's Internet Service Provider InfoStructure.

14. This unfortunate event interrupted my preparation for both the Ruiz trial and preparation of the opposition papers, as I was required to spend time orchestrating a removal of website material in order to avoid the shutoff, which happened anyway. Approximately four hours were consumed in this project, and at the very close of the Friday workday, I lost use of my email shortly after speaking with City Attorney Mike Franell.

15. Accordingly, it is my intention to seek leave to file an amended and supplemental complaint to allege these after-occurring matters.

16. The actions of the City of Ashland's employees on January 26th further support the claims alleged in the original complaint, and when combined with the testimony obtained in discovery, reasonably support claims for violation of First Amendment, Fifth Amendment and Fourteenth Amendment rights pursuant to a policy and unlawful agreement existing within the City of Ashland.

17. The issues raised in the complaint are clearly not moot, as is argued in the motion for summary judgment. Rather, they are live and becoming more-so. It will be in the interests of justice and efficient adjudication to have the action involving the new Internet shutoffs litigated in the context of the current action, and will eliminate the necessity of plaintiff filing a multiplicity of actions.

18. For all of the above reasons, plaintiff's counsel respectfully requests an extension until February 12, 2007 to file plaintiff's opposition to the pending motion for summary judgment.

I hereby declare, pursuant to the provisions of 28 U.S.C. § 1746 (2), under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                Executed at Pacifica, California on January 29, 2007

                      /s/Charles Carreon/s/
                CHARLES CARREON (CSB # 127139)

EX PARTE REQUEST FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT; AFFIDAVIT OF CHARLES CARREON