Karen O'Kasey, OSB No. 870696
HOFFMAN, HART & WAGNER, LLP
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone:    (503) 222-4499
Facsimile:    (503) 222-2301
E-mail:        kok@hhw.com

    Of Attorneys for Defendant the City of Ashland

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| AMERICAN BUDDHA, an Oregon Nonprofit Corporation, | ) ) ) | No. 06-CV-3054-PA |
| Plaintiff, | ) ) ) | REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |
| v. | ) ) | |
| THE CITY OF ASHLAND AND THE WASHINGTON POST COMPANY, | ) ) ) ) | |
| Defendants. | ) | |

    Defendant files the following reply in support of its motion for summary judgment.  This reply is based on defendant's response and objections to Plaintiff's Concise Statement of Facts, defendant's Motion to Strike Evidence offered by plaintiff in support of its response, the legal argument set forth below, and the pleadings on file herein.

**INTRODUCTION**

    Plaintiff brought two claims against the City of Ashland after the modem hosting its website was disconnected by the City.  This was done due to a copyright infringement claim made against plaintiff by a newspaper columnist, Kathleen Parker.  Plaintiff alleged that (1) the disconnection violated its procedural due process rights; and (2) that the disconnection violated its First Amendment rights  because the decision to disconnect was based on the "content" of its website (Complaint, ¶¶ 12-14).

Page 1 -  REPLY IN SUPPORT OF MOTION FOR SUMMARY
          JUDGMENT

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

In its response, plaintiff makes no argument and offers no evidence establishing that it had any procedural due process rights entitling it notice or a hearing prior to the modem being disconnected.  The only remaining issue for the court to decide is whether the disconnection somehow violated the First Amendment.

Plaintiff asserts for the first time in its response that it has a "retaliation" claim under the First Amendment.  No such claim was brought by plaintiff in the original complaint.[1]  Aside from the fact that plaintiff offers no factual evidence supporting this claim, a motion for summary judgment cannot be defeated by raising new claims in a response.  *Schlacter-Jones v. Gen'l Tel. of Calif.*, 936 F.2d 435, 449 (9th Cir. 1991), *overruled on other grounds, Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001)(a motion for leave to amend is not a vehicle to circumvent summary judgment); *Coleman v. Quaker Oats*, 232 F.3d 1271, 1291-94 (9th Cir. 2000)(motion to amend to add claim raised for first time in response to summary judgment motion, after close of discovery, not allowable); *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314-15 (11th Cir. 2004)(a party cannot amend a complaint to add a new claim through argument in brief opposing summary judgment).

Plaintiff also makes various irrelevant arguments about the Digital Millennium Copyright Act ("DMCA").  As explained below, plaintiff has no cause of action under that statute, and its arguments about the DMCA have nothing to do with this case.

Plaintiff did not specifically deny any statements in defendant's Concise Statement of Facts, and offered no contradictory factual evidence in its own Concise Statement.  There is no factual dispute that the reason the modem was disconnected was because of the copyright infringement claim made against plaintiff by Kathleen Parker.  There is also no factual dispute

---

[1]  Plaintiff alleges that it pled a viable claim for retaliation against the City (Plaintiff's Memo in Opposition, p. 10).  Plaintiff did not.  Instead, plaintiff alleged that its website was disabled based on a constitutionally improper government scheme that (a) enabled the City to engage in prior restraint of speech; (b) vested discretion to silence speech in a public forum in a single agency or individual; (c) permitted content discrimination; (d) provided no notice; and (e) caused disablement due to disagreement with content (Complaint, ¶ 12).

Page 2 -  REPLY IN SUPPORT OF MOTION FOR SUMMARY
         JUDGMENT

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

that the disconnection was *not* due to the nature of the content posted on plaintiff's website. Given these undisputed facts and applicable First Amendment law, defendant is entitled to summary judgment on the remaining claim.

**LEGAL ARGUMENT**

1.      **The Digital Millennium Copyright Act Has No Application to this Case**.

The Digital Millennium Copyright Act of 1998 was enacted to grant copyright infringement "immunity" to "innocent" service providers who could prove that they had no knowledge of the claimed copyright infringement.  17 U.S.C. § 512(c)(1); *Perfect 10, Inc. v. CCBill LLC*, 340 340 F. Supp. 2d 1077 (C.D. Cal. 2004)(purpose of the DMCA is to relieve internet service providers of the duty of patrolling the Internet for copyright infringements that are not immediately apparent or of which they have no actual knowledge); *ALS Scan, Inc. v. RemarQ Cmtys., Inc.* 239 F.3d 619, 625 (4th Cir. 2001) (The DMCA was enacted to both preserve copyright enforcement on the Internet and to provide immunity from service providers from copyright infringement liability for "passive" or "automatic" actions in which a service provider's system engages through a technological process initiated by another without the service provider's knowledge).

The DMCA does not provide any protections *whatsoever* to individuals or websites *accused* of copyright infringement (like American Buddha).  It simply provides a safe harbor for internet service providers from claims brought by those *claiming* copyright infringement (like Kathleen Parker).  Plaintiff's reliance on *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003) in support of its theory that the DMCA somehow protects it is misplaced and does not stand for the legal principal for which it is cited.

The issue in that case was whether the sponsor of a website could be held vicariously liable for a website operator's posting of a defamatory email authored by a third party.   The third party, who was sued for defamation in turn, claimed that the website or its operators were liable to him for sending the defamatory email out on a listserv without his knowledge.  *Id*. at 1021.

Page 3 -  REPLY IN SUPPORT OF MOTION FOR SUMMARY
              JUDGMENT

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

The case involved the application of Section 230 of the Telecommunications Act of 1996, known as the "Communications Decency Act of 1996."  In interpreting that statute, the court held that its intent was to immunize service providers and users "who take some steps to edit" material posted.  *Id.* at 1031.  The court, discussing the DMCA in a footnote, did not hold that the Act in any way protected alleged copyright violators, or original authors of defamatory statements.  The decision in no way supports a theory that the DMCA somehow provides "rights" to American Buddha, the alleged copyright violator.

Further, there is no statutory compliance mandated by the DMCA–it simply provides protection for an internet service provider if it adopts a policy that "provides for termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers."  *Perfect 10*, supra at 1086-87.

The only result of not adopting such a policy is exposure to claims from those alleging copyright infringement.  The alleged infringer has no rights under the DMCA.  The statute's sole and exclusive purpose is to provide immunity from vicarious infringement claims if the statutory requirements met.  *Hendrickson v. Amazon.Com, Inc.*, 298 F. Supp.2d 914, 915-16, (C.D. Cal. 2003). For these reasons, plaintiff's arguments regarding how the City handles infringement claims, its DMCA policy, or lack thereof, are wholly irrelevant to the First Amendment claim before the court.

2.     **Plaintiff Has Not Raised Any Material Question of Fact In Support of the First Amendment Claim.**

    A. There is No Evidence that the City Regulated Plaintiff's Website Based on Content.

Defendant is entitled to summary judgment because plaintiff has failed to establish that the City took any action based on content.  In order for the First Amendment to be invoked in the first place, there must be some ordinance, regulation or policy enacted by the City which limits speech based on its content. *Ellwest Stereo Theatres, Inc. v. Wenner*, 681 F.2d 1243, 1246 (9th

///

Page 4 -  REPLY IN SUPPORT OF MOTION FOR SUMMARY
              JUDGMENT

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

Cir. 1982)(city ordinance which did not contain content-based restriction on speech did not invoke First Amendment analysis).

The undisputed facts are that the modem was disconnected by the City due to the copyright infringement claim of Parker (Defendant's Concise Statement ¶ 7).  Although plaintiff asserts that "plaintiff' s network was silenced in retaliation for its publication of political speech" (Plaintiff's Memo in Opp., p. 10), plaintiff offers no actual facts supporting this assertion. Plaintiff's claim that its publication of unpopular speech "must" have been a substantial motivating factor in the decision to disconnect is insufficient to establish a material question of fact in the absence of any underlying facts supporting the assertion.

Legal memoranda and self-serving statements in briefings are not "evidence" and do not, as a matter of law, create issues of fact capable of defeating a motion for summary judgment. *Federal Trade Commission v. Publishing Clearing House*, 104 F.3d 1168, 1171 (9th Cir. 1996); *Long v. Bureau of Economic Analysis*, 646 F.2d 1310, 1321 (9th Cir. 1981).  Since plaintiff offers no evidence contradicting the testimony of Holbo that the copyright infringement claim led to the disconnect, it has failed to create a triable issue on whether the City violated the First Amendment by that action.

Plaintiff also claims in a footnote that the Ashland Free Press's article criticizing the City's decision to hire Joe Franell may also have had an effect on the City's dealing with copyright infringement claim (Plaintiff's Memo in Opposition, p. 11).  Putting aside the fact that the Ashland Free Press is not the plaintiff, there is absolutely no factual evidence offered by plaintiff supporting this speculation.  As such, this statement cannot be a basis to defeat summary judgment.  *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989)(a summary judgment motion cannot be defeated by relying on solely conclusory allegations unsupported by factual data).

///

///

///

Page 5 -  REPLY IN SUPPORT OF MOTION FOR SUMMARY
          JUDGMENT

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

B.    Plaintiff Has Not Established any Right to Unfettered Free Speech on Its Website In Any Event.

Plaintiff states that the City has "elected to operate an organ of speech" by operating a fiber network (Plaintiff's Memo in Opposition, p. 9).  As discussed in defendant's original motion, no court has yet held that a municipality doing so establishes a "public forum" to which First Amendment law even applies (Def. Memo in Support, p. 5).  The cases decided to date addressing whether a public forum is created when a governmental agency provides an internet connection in public buildings have consistently held that it does not.  *United States v. American Library Association Inc.*, 539 U.S. 194, 205, 123 S. Ct. 2297, 156 L. Ed. 2d 221 (2003)(internet access provided in public libraries not a public forum).  *Putnam Pit Inc. v. City of Cookeville, Tennessee,* 221 F.3d 834, 843 (6ᵗʰ Cir. 2000)(city website nonpublic forum for First Amendment purposes).

Plaintiff fails to explain, how, in light of these cases, the City's provision of the fiber network only somehow creates a public forum for First Amendment purposes.  The plaintiff fails to explain why this court should disregard United States Supreme Court precedent that even when internet access is provided in a public library, the government is not creating a public forum under the First Amendment.

A governmental entity can go so far as to completely ban speech in a non-public forum and is entitled to regulate speech based on content, so long as the regulation is viewpoint neutral (Defendant's Memo in Support, p. 6-7 and cases cited therein).  There is no obligation, in a non-public forum, for the governmental agency to employ the "least intrusive measures" in regulating speech as argued by plaintiff.  Instead, any restrictions need only be reasonable in light of the function of the forum.  *Perry Educ. Ass'n v. Perry Local Educ. Ass'n*, 460 U.S. 37, 49, 103 S. Ct. 948, 74 L. Ed. 2d 794 (1983).

Since the modem was disconnected because of a copyright infringement claim, the City's actions were reasonable, even if plaintiff disagrees with the process that was followed in doing

Page 6 -  REPLY IN SUPPORT OF MOTION FOR SUMMARY
        JUDGMENT

HOFFMAN, HART & WAGNER ʟʟᴘ
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

so. Disconnection based on a claim of violation of federal law is certainly reasonable for purposes of nonpublic forum analysis. Plaintiff's "unfettered discretion" argument does not apply to free speech limitations in nonpublic forums. *Arkansas Educational Television Comm. v. Forbes*, 523 U.S. 666, 682, 118 S. Ct. 1633, 140 L. Ed. 2d 875 (1998)(television station could exercise broad discretion in excluding speech activities and speakers, so long as exclusion was not viewpoint-based); *Cogswell v. City of Seattle*, 347 F.3d 809, 818 (9th Cir. 2003)(City could exclude certain types of "political speech" in voter pamphlets; pamphlets were nonpublic forums and city was not required to allow free exchange of ideas).

As argued in defendant's motion, (an argument unanswered by plaintiff), even if the City of Ashland has established a "forum" by providing fiber to internet service providers, that forum is nonpublic and the City could in fact, regulate speech based on content. It has not done so–it has only acted in the face of copyright infringement claims. Under the "reasonableness" test applied to nonpublic forum, these actions do not violate the First Amendment.

C.  Plaintiff Has No Claim for a "Failure to Protect Constitutional Rights."

In addition to the new "retaliation" claim, plaintiff also for the first time asserts that the City is liable under Section 1983 for "failing to act to preserve constitutional rights."[2] Aside from its untimeliness, as a matter of law, plaintiff has no such claim.

In order to impose liability on a local government entity for failing to act to preserve constitutional rights, a Section 1983 plaintiff must establish; (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy "amounts to deliberate indifference" to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 109 S. Ct.  1197, 103 L. Ed. 2d 412 (1989).

///

---

[2] For the same reasons that the retaliation claim should be disregarded, so should this claim.

Page 7 -  REPLY IN SUPPORT OF MOTION FOR SUMMARY
           JUDGMENT

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

Plaintiff cannot prove facts supporting even the first element of this type of claim. Plaintiff has no constitutional right to engage in copyright infringement. Plaintiff has not established that it has an unfettered right to free speech in any "forum" established by the City in any event, or that the City took any action against plaintiff based on website content. Plaintiff has not shown any facts supporting the conclusion that it (1) had a constitutional right of which (2) it was deprived.

The decision in *Oviatt v. Pearce*, 954 F2d 1470 (9th Cir. 1992), on which plaintiff relies, hinged on the fact that plaintiff established a liberty interest under the Fourteenth Amendment which was deprived when he was incarcerated without a prompt pretrial court appearance. Id. at 1474-75. Without establishing deprivation of an underlying constitutional right, there can be no "failure to act" claim under Section 1983. Plaintiff here has not made that required showing. Its' "failure to act" theory should be rejected.

## CONCLUSION

Plaintiff offered no arguments supporting its due process claim. The City is entitled to summary judgment on that claim. Plaintiff offers no facts supporting its speculation that the reason the City disconnected the modem serving its website was done due to content. Plaintiff has not offered any evidence of any policy enacted by the City which regulates speech on websites based on content. Even if the City has established a nonpublic forum by providing a fiber network, its disconnection of a modem due to a copyright infringement claim does not violate the First Amendment. The City is entitled to summary judgment on the First Amendment claim as well.

DATED this 15th day of February, 2007

HOFFMAN, HART & WAGNER

By:  /s/ Karen O'Kasey
Karen O'Kasey OSB # 870696
Of Attorneys for The City of Ashland
(503) 222-4499

Page 8 -  REPLY IN SUPPORT OF MOTION FOR SUMMARY
          JUDGMENT

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

CERTIFICATE OF SERVICE

I hereby certify that, on 15th day of February, 2007, I served the foregoing REPLY IN

SUPPORT OF MOTION FOR SUMMARY JUDGMENT as follows:

> Charles Carreon, Esq.
> Online Media Law, PLLC
> 423 Gateway Drive, #64
> Pacifica, CA  94044
>
> Attorney for Plaintiff

by electronic means through the Court's Case Management/Electronic Case File system.


/s/ Karen O'Kasey
Karen O'Kasey


Page 1 -     CERTIFICATE OF SERVICE

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499