Karen O'Kasey, OSB No. 870696
HOFFMAN, HART & WAGNER, LLP
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone:   (503) 222-4499
Facsimile:   (503) 222-2301
E-mail:      kok@hhw.com

<u>Of Attorneys for Defendant The City of Ashland</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| AMERICAN BUDDHA, an Oregon Nonprofit Corporation, | No. 06-CV-3054-PA |
| Plaintiff, | DEFENDANT'S MOTION TO STRIKE EVIDENCE OFFERED IN SUPPORT OF RESPONSE TO SUMMARY JUDGMENT MOTION |
| v. | |
| THE CITY OF ASHLAND AND THE WASHINGTON POST COMPANY, | Oral Argument Requested |
| Defendants. | |

<u>LOCAL RULE 7.1 CERTIFICATION</u>

The undersigned certifies that a good faith effort has been made to resolve the subject matter of this motion and the Court's ruling is necessary on this matter.

<u>INTRODUCTION</u>

This is a claim brought pursuant to 42 U.S.C. § 1983 for a violation of procedural due process rights and the First Amendment. Plaintiff alleged that the disconnection of a modem hosting its website violated these two constitutional rights. Defendant moved for summary judgment on both claims. In its response, plaintiff offers no argument regarding the procedural due process claim. The only issue before the court is whether the disconnection of the modem hosting plaintiff's website somehow violated the First Amendment.

Page 1 -   DEFENDANT'S MOTION TO STRIKE EVIDENCE
OFFERED IN SUPPORT OF RESPONSE TO SUMMARY
JUDGMENT MOTION

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

Plaintiff denied none of the facts submitted by defendant in support of its motion, and offered no contradictory evidence. For purposes of this motion, the facts set forth in defendant's concise statement are admitted. Local Rule 56.1(f). It is undisputed, therefore, that the disconnection of the modem was due to a copyright infringement claim made by a third party, Kathleen Parker.

Plaintiff's counsel filed an affidavit attaching various exhibits, and making certain statements, none of which have any relevance to the remaining First Amendment claim. Further, plaintiff spends a significant amount of time discussing the Digital Millennium Copyright Act ("DMCA"), and its procedures. That statute is irrelevant to the First Amendment claim. For the reasons set forth below most of the evidence offered by plaintiff is either not relevant or not evidence and should be stricken.

LEGAL ARGUMENT

1. <u>Motion to Strike Paragraphs 4 Through 13 of Carreon Affidavit</u>.

Fed. Rule of Civ. Proc. 56(e) requires that opposing affidavits be made on "personal knowledge," and set forth such facts "as would be admissible in evidence." In order for evidence to be admissible as part of a response to a summary judgment motion, it must be relevant to the claim at issue.

The only issue in this case is whether the City's disconnection of a modem, which plaintiff admits was due to a copyright infringement claim, somehow violated the First Amendment. Paragraphs 4 through 13 are counsel's own statements about the size of American Buddha, what access the site provides, how plaintiff's network is managed, what the network manager does when it receives a DMCA notice, and that the Ashland Free Press reported critically on the hiring of Joe Franell, the director of AFN. None of these assertions have any bearing on the issue before the court and, therefore, should be stricken for that reason.

///

Page 2 -   DEFENDANT'S MOTION TO STRIKE EVIDENCE
            OFFERED IN SUPPORT OF RESPONSE TO SUMMARY
            JUDGMENT MOTION

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

...
...

Additionally, although the affidavit states that it is based on personal knowledge, it fails to establish the basis of that personal knowledge with respect to assertions made on behalf of American Buddha. It is unclear from the affidavit whether Mr. Carreon is testifying as a lawyer, or testifying as a witness on behalf of American Buddha. Oregon Rule of Professional Conduct 3.4 provides that "a lawyer shall not: (e) in trial "* * * assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, or the culpability of a civil litigant * * *." Oregon Rule of Professional Conduct 3.7 further states that a lawyer "shall not act as an advocate at trial in which the lawyer is likely to be called as a witness on behalf of the client unless: (1) the testimony relates to an uncontested issue * * *." Under these rules, a lawyer cannot be a witness regarding any contested fact and a lawyer cannot rely on hearsay to oppose a summary judgment.

      2.     <u>Motion To Strike Deposition Testimony Of Joe Franell</u>.

Portions of Mr. Franell's deposition testimony relied on by plaintiff in its Concise Statement of Facts have no relevance to this case. As set forth in defendant's objections to Plaintiff's Concise Statement, this testimony should be stricken because it is not relevant. F.R.E. 401, 402.

      3.     <u>Motion To Strike Exhibit No. 4</u>.

Exhibit No. 4 is Ashland Fiber Network's copyright infringement process as of August 11, 2006. Whether Ashland Fiber Network had a copyright infringement process or DMCA policy is not relevant to the First Amendment claim. Plaintiff did not bring, nor could it, a claim under the DMCA against the City of Ashland (Defendant's Reply, pp. 2-4). The existence of a process or policy is not relevant to the issues in the case. For this reason, this exhibit should be stricken. F.R.E. 401, 402.

///

///

Page 3 -   DEFENDANT'S MOTION TO STRIKE EVIDENCE
              OFFERED IN SUPPORT OF RESPONSE TO SUMMARY
              JUDGMENT MOTION

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

4. <u>Motion To Strike Exhibit No. 5</u>.

Exhibit No. 5 is identified as the American Buddha Online "Sign Up Page." It has no relevance to the issue before the court. Therefore it should be stricken. F.R.E. 401, 402.

5. <u>Motion To Strike Exhibit No. 6</u>.

Exhibit No. 6 is identified as a "Directory of Service Provider Agents for Notification of Claims of Infringement." This document has no relevance to the First Amendment claim. As set forth above, there is no claim, nor can there be, any claim under the Digital Millennium Copyright Act against defendant. The process by which plaintiff apparently deals with notifications of claims of infringement has no relevance to this case. For this reason it should be stricken. F.R.E. 401, 402.

6. <u>Motion To Strike Exhibit No. 7</u>.

Exhibit No. 7 is an Interim Designation of an Agent to Receive Notification of Claimed Infringement. For the same reason that Exhibit No. 6 has no relevance to this case, Exhibit No. 7 is not relevant as well. For this reason it should be stricken. F.R.E. 401, 402.

7. <u>Motion To Strike Exhibit No. 9</u>.

Exhibit No. 9 is an email from Rick Holbo to Infostructure regarding the copyright infringement claim by Kathleen Parker. Since it is uncontested that the City disconnected the modem serving plaintiff's website because of the copyright infringement claim, this exhibit has no relevance. It should therefore be stricken. F.R.E. 401, 402.

8. <u>Motion To Strike Deposition Testimony of Holbo</u>.

Plaintiff offers excerpts from the deposition of Richard Holbo, the individual who actually disconnected the modem. The arguments made about Holbo's testimony in plaintiff's Concise Statement of Facts are not relevant to the claim before the court.

As Local Rule 56.1(c)(2) provides, a party may reference "only the material facts which are necessary for the court to determine the limited issues presented in the motion for summary

Page 4 -   DEFENDANT'S MOTION TO STRIKE EVIDENCE
           OFFERED IN SUPPORT OF RESPONSE TO SUMMARY
           JUDGMENT MOTION

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

judgment and no others." Virtually all the Holbo testimony cited by plaintiff has to do with plaintiff's criticism of Holbo's handling of the copyright infringement claim, not the actual disconnection itself. How Holbo dealt with the infringement claim in terms of a DMCA notice is irrelevant to this case. Since there is no DMCA claim that can be brought against the City (or an internet service provider) and no such claim has been brought, plaintiff's criticism of the copyright infringement response process is not relevant. For this reason, the testimony from Holbo relied on by plaintiff regarding these issues should be stricken. F.R.E. 401, 402.

9. <u>Motion To Strike Deposition Testimony Of Mike Franell.</u>

For the same reasons that the deposition testimony of Holbo is not relevant, the deposition testimony of Mike Franell relied on by plaintiff is not relevant. For this reason, it should be stricken. F.R.E. 401, 402.

DATED this 15th day of February, 2007.

HOFFMAN, HART & WAGNER, LLP


By: /s/ Karen O'Kasey
Karen O'Kasey, OSB No. 870696
Of Attorneys for Defendant The City of Ashland
(503)222-4499

Page 5 -  DEFENDANT'S MOTION TO STRIKE EVIDENCE OFFERED IN SUPPORT OF RESPONSE TO SUMMARY JUDGMENT MOTION

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 15th day of February, 2007, I served the foregoing DEFENDANT'S MOTION TO STRIKE EVIDENCE OFFERED IN SUPPORT OF RESPONSE TO SUMMARY JUDGMENT MOTION on the following party:

>Charles Carreon
>Online Media Law, PLLC
>423 Gateway Drive, #64
>Pacifica, CA 94044

by electronic means through the Court's Case Management/Electronic Case File system.

*/s/ Karen O'Kasey*
Karen O'Kasey

Page 1 -    CERTIFICATE OF SERVICE

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499